UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:07CR-116-R

UNITED STATES OF AMERICA                                                         PLAINTIFF

v.

DANA R. REINHART, et al.                                                          DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant Dana R. Reinhart's Motion for Relief from Misjoinder, or, in the Alternative, Motion for Relief from Prejudicial Joinder (Docket #30). Plaintiff filed a response (Docket #31). This matter is now ripe for adjudication. For the reasons that follow, Defendant Reinhart's Motion is GRANTED.

**BACKGROUND**

Defendant Reinhart was indicted on September 19, 2007, with crimes of conspiracy to make false statements relating to health care matters, in violation of 18 U.S.C. §§ 371, 1035, making false statements related to health care matters, in violation of 18 U.S.C. § 1035, and destroying and concealing records related to the investigation, in violation of 18 U.S.C. § 1519. Defendant Ronald Jarboe was charged in the same indictment with these same crimes and with the crime of making a false statement, in violation of 18 U.S.C. § 1001, and with wire fraud, in violation of 18 U.S.C. § 1343.

The indictment alleged the following facts. Defendant Reinhart, an insurance agent/broker, sold employee healthcare insurance from Anthem Blue Cross and Blue Shield to Defendant Jarboe's trucking company, Freedom Express. During the course of applying for and receiving healthcare

insurance coverage for Defendant Jarboe's employees, Defendants Reinhart and Jarboe committed fraud by "clean sheeting" Freedom Express employee applications. Clean sheeting involves misrepresenting the health condition of employee-applicants. In doing so, they were able to obtain lower premiums for Defendant Jarboe's company because the monthly premium amount accounted for the health condition of Freedom Express' employees. Following the discovery of the fraud, Defendant Jarboe destroyed and concealed Freedom Express employee records from investigators. These records materially related to the healthcare insurance fraud investigation that involved both Defendants. The substance of Courts 1 through 4 all relate to these matters.

Count 5 of the indictment charges Defendant Jarboe with defrauding Cendant Corporation out of $22,960. It alleges that Defendant Jarboe committed wire fraud when he claimed a trailer owned by Freedom Express was completely destroyed in a traffic accident; however, the trailer was only minimally damaged. Defendant Jarboe collected insurance payment for the full amount of the trailer.

On November 27, 2007, Defendant Reinhart filed the present motion to grant relief from misjoinder under Federal Rule of Criminal Procedure 8(b), or, in the alternative, to grant relief from prejudicial joinder under Federal Rule of Criminal Procedure 14(a).

## DISCUSSION

Federal Rule of Criminal Procedure 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

"The purpose of the rule is, in the interest of convenience and expediency, to encourage joint trials

while at the same time limiting as much as possible the admission at trial of prejudicial evidence against a defendant." *United States v. Gentile*, 495 F.2d 626, 630 (5th Cir. 1974). "If multiple defendants are improperly joined under Rule 8(b) because they are charged with offenses that are unrelated, then they are to be considered as prejudiced by that fact and the trial judge has no discretion on the question of severance." *United States v. Hatcher*, 680 F.2d 438, 441(6th Cir. 1982). In such a case severance is mandatory. *Id.*

Joinder of multiple defendants is proper under Rule 8(b) "only if each of the counts of the indictment arises out of the same act or transaction or series of acts or transaction, even if all counts of the indictment include a common defendant." *Id.* In the present case, the indictment on its face alleges no connection between Defendant Reinhardt and the fraud charges against Defendant Jarboe. Neither does the record reveal any evidence of such a connection. Thus this Court finds that joinder of Defendants Reinhardt and Jarboe is improper with regards to Count 5.[1] *See id.* However, joinder is proper under Rule 8(b) with regards to Counts 1-4.

## CONCLUSION

For the foregoing reasons, Defendant Reinhart's Motion is GRANTED. Counts 1-4 shall be severed from Count 5. This Court shall try Defendants Reinhart and Jarboe on Counts 1-4 first. Defendant Jarboe shall be tried on Count 5 at a later date.

An appropriate order shall issue.

---

[1] Having found severance mandatory under Rule 8(b), the Court will not address Defendant's Motion under Rule 14(a).